**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
The Honorable Michael E. Romero

In re:

Ivy Tran Pham Ngo

    Debtor.

Case No. 25-14867 MER

Chapter 11

## ORDER OVERRULING OBJECTION TO CLAIM OF HOMESTEAD EXEMPTION

This matter comes before the Court on the Objection to Debtor's Homestead Exemption filed by Franklin D. Azar & Associates, P.C. ("**Azar**") and the Debtor's response thereto.[1]

## BACKGROUND

The Debtor commenced this case under Chapter 11 of the Bankruptcy Code on August 1, 2025.  Sometime in 2018, the Debtor acquired property known as 1020 S. Clarkson Street, Denver, Colorado 80209 (the "**Property**").[2]  On October 18, 2021, the Debtor transferred the Property to her husband, Richard Rochelle ("**Rochelle**"), by Special Warranty Deed.  A year later, Azar initiated litigation against the Debtor in the Denver County District Court (the "**State Court**").[3]  The State Court entered a judgment in favor of Azar on December 14, 2022 (the "**State Court Judgment**").  In an effort to satisfy the State Court Judgment, Azar initiated another lawsuit in the State Court against the Debtor, her parents, and Rochelle, seeking to avoid the Debtor's 2021 transfer of the Property to Rochelle pursuant to the Colorado Uniform Fraudulent Transfers Act (the "**CUFTA Action**").[4]  On May 19, 2025, the State Court entered its Findings of Fact, Conclusions of Law, and Order in the CUFTA Action, wherein it avoided the transfer of the Property and restored title to the Debtor.  When she filed for bankruptcy, the Debtor scheduled the Property as an asset of her bankruptcy estate and claimed a homestead exemption in the Property.

---

[1] ECF Nos. 46 & 63.

[2] The following facts have been stipulated to by the parties per the Stipulation Regarding Objection to Debtor's Homestead Exemption and Request for Adjudication on Briefing filed at ECF No. 106.

[3] Case No. 2020-cv-30785.

[4] Case No. 2023-cv-32912.

Azar timely filed the instant Objection on October 2, 2025.  In his Objection, Azar argues that 11 U.S.C. § 522(g) prohibits the Debtor from claiming a homestead exemption in the Property since the State Court found the transfer of the Property to Rochelle was fraudulent and avoided it for that reason.  The Debtor disagrees.  Instead, the Debtor argues § 522(g) applies only to property recovered by the trustee and that the Property was transferred back to the Debtor before she filed for bankruptcy.[5]  As such, § 522(g) does not apply, and the Debtor is entitled to claim the homestead exemption.

## ANALYSIS

Section 522(g) states

Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section and if such property had not been transferred if

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(1)(B) of this section.

"As a threshold matter, and by its terms, § 522(g) pertains to the debtor's right to exempt property that the trustee recovers using certain avoidance powers provided under the Code . . . § 522(g), by its terms, applies only to property recovered by the trustee, and not to property returned to the bankruptcy estate as a result of efforts by a creditor."[6]  Put another way, § 522(g) requires a recovery of property by the trustee pursuant to powers delineated in particular sections of the Bankruptcy Code.[7]  "[A] creditor who files a pre-petition suit under state law to annul a fraudulent conveyance cannot conceivably be thought to have availed himself of any of these powers."[8]  Indeed, § 522(g) is intended to prevent a situation in which the trustee, not a creditor, expends estate resources to recover fraudulently transferred property only to have the

---

[5] Any use of the term "Section" or "§" hereafter means Title 11 of the United States Code

[6] *In re McDaniel*, 2012 WL 174370, at *3 (Bankr. N.D. Ala. Jan. 20, 2012) (citing *Stornaway Fin. Corp. v. Hill (In re Hill)*, 562 F.3d 29, 33 (1st Cir. 2009)).

[7] *In re Hill*, 562 F.3d at 33.

[8] *Id.* at 34.

debtor claim the property as exempt.[9]  As such, § 522(g) does not apply in cases where the trustee did not expend estate resources to recover property pursuant to any of the powers delineated in the Bankruptcy Code sections listed in § 522(g).[10]

Here, the trustee did not expend any estate resources to recover the Property under any of the aforementioned Bankruptcy Code sections.  Rather, the Property was already part of the Debtor's bankruptcy estate as of the petition date because it was reconveyed to the Debtor several months before she filed for bankruptcy.  Therefore, § 522(g) does not prevent the Debtor from claiming a homestead exemption in the Property.  Accordingly,

THE COURT ORDERS Azar's objection is OVERRULED.

Dated March 16, 2026                                    BY THE COURT:

                                                                    Michael E. Romero, Judge
                                                                    United States Bankruptcy Court

---

[9] *Id.*

[10] *Id.* at 35 ("We hold that § 522(g) does not authorize the bankruptcy court to deny a debtor's homestead exemption with respect to property that had been fraudulently transferred and then voluntarily reconveyed pre-petition, even though the retransfer came about through the efforts of a creditor.")