**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
The Honorable Michael E. Romero

| | |
|---|---|
| In re:<br><br>Ivy Tran Pham Ngo<br><br>Debtor. | Case No. 25-14867 MER<br><br>Chapter 11 |

## ORDER DENYING MOTION FOR COMFORT ORDER

THIS MATTER comes before the Court on the Motion for Comfort Order Confirming that the $850,000.00 in State Court Registry Funds are not Property of the Estate and that the Automatic Stay does not Apply, or in the Alternative, for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) ("**Motion**") filed by Franklin D. Azar & Associates, P.C. ("**Azar**"), and the Debtor's response thereto.[1]

## BACKGROUND

The Debtor commenced the instant bankruptcy case on August 1, 2025. Pre-petition, the Debtor and Azar were involved in state court litigation in which Azar asserted claims against Ngo for breach of her employment contract (the "**State Court Case**"). Azar obtained a judgment against the Debtor in the State Court Case. In anticipation of Azar obtaining a judgment against her, the Debtor transferred real property she owned ("**Property**") to her husband, Richard Rochelle ("**Rochelle**"). The Debtor also transferred $850,000.00 to her parents, asserting the money was to repay a construction loan they made to her.

Azar commenced an action against the Debtor, her parents, and Rochelle, pursuant to Colorado's Uniform Fraudulent Transfers Act ("**CUFTA**") in October of 2023 (the "**CUFTA Action**"). Following a trial, the state court entered an order wherein it found the Debtor's transfer of her Property and the $850,000.00 violated CUFTA (the "**CUFTA Order**"). As such, the state court avoided the transfer of the Property and the $850,000.00. The state court then ordered the Debtor's parents to deposit the $850,000.00 (hereinafter, the "**Registry Funds**") into the state court's registry, and that they could make a claim against the Registry Funds contemporaneously with their deposit. The state court further ordered that if the Debtor's parents did not deposit the Registry Funds, it would enter a monetary judgment against them in Azar's favor for the full amount of the funds. The Debtor's parents complied with the CUFTA Order,

[1] ECF Nos. 155 & 158.

deposited the Registry Funds, and made a claim against them. Post-petition, the state court entered an order denying the Debtor's parents' claim to the Registry Funds ("**Order Denying Claim**").[2] The Order Denying Claim did not state what would happen to the Registry Funds after the court denied the claim.

On October 28, 2026, the Debtor initiated an adversary proceeding against Azar (the "**Adversary Proceeding**").[3] The Debtor's third claim for relief in the Adversary Proceeding is a claim for the avoidance of the transfer of the Registry Funds pursuant to 11 U.S.C. § 547(b). In support of that claim, the Debtor alleges she has an interest in the Registry Funds, which were transferred into the state court registry for Azar's benefit within the ninety days preceding the filing of the instant bankruptcy case. On November 25, 2025, Azar filed a motion to dismiss the Adversary Proceeding, including the Debtor's claim for avoidance of the transfer of the Registry Funds ("**Dismissal Motion**"). The Debtor objected to the Dismissal Motion, and the Court entered an order denying it on March 16, 2026. In its order denying the Dismissal Motion, the Court found all of the Debtor's claims were plausibly pled.

Azar filed the instant Motion on July 1, 2026, requesting an order confirming the Registry Funds are not property of the Debtor's bankruptcy estate and that the automatic stay does not apply to its efforts to collect them from the state court registry. In the alternative, Azar requests relief from the automatic stay pursuant to § 362(d)(1) so that he may collect the Registry Funds.[4] The Debtor objected to the Motion. The Court held a hearing, and took the matter under advisement.

## ANALYSIS

### A. Applicable Standard

Section 362(j) provides "on request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated." The relief granted pursuant to § 362(j) is often called a comfort order.[5] "A comfort order is a bankruptcy term of art for an order confirming an undisputed legal result and often is entered to confirm that the automatic stay has terminated."[6] "Courts traditionally have exercised broad discretion in determining whether to enter comfort orders. The power to issue comfort orders is encompassed in Section 105 of the Bankruptcy Code, which

---

[2] ECF No. 155, Ex. 1, October 6, 2025, Order Denying Defendants Chuyen Ngo's and Trang Ngo's Claim Pursuant to C.R.S. § 38-8-109.

[3] Adv. Proc. No. 25-01311-MER.

[4] Any use of the term "Section" or "§" hereafter means Chapter 11 of the United States Code unless expressly stated otherwise.

[5] *In re Thomas*, 469 B.R. 915, 921 (10th Cir. BAP 2012).

[6] *In re Hill*, 364 B.R. 826, 827 (Bankr. M.D. Fla. 2007) (internal quotations omitted); *In re Ross*, 2019 WL 480269, at *2 (Bankr. N.D. Miss. Feb. 6, 2019) (quoting *In re Hill*, 364 B.R. at 827)).

supplies bankruptcy courts with the authority to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of' the Bankruptcy Code."[7] Comfort orders are generally sought as declarations from the bankruptcy court that the automatic stay has been terminated or else never came into existence concerning certain property.[8] A bankruptcy court's role in issuing a comfort order is limited to a review of objective criteria in the public record, and § 362(j) does not provide for a declaration of any individual creditor's rights.[9]

## B. A Comfort Order Is Inappropriate

Azar argues it is entitled to a comfort order because there is no dispute the Registry Funds are not property of the Debtor's estate and therefore, the automatic stay does not apply. In particular, Azar argues the Registry Funds belong to the Debtor's parents because they came from their own funds to satisfy their independent monetary liability to Azar. Azar further contends that even though the transfer of the Registry Funds was avoided, they were never intended to revest in the Debtor. Furthermore, Azar contends that, although the Registry Funds are the subject of a pending avoidance claim in the Adversary Proceeding, they have not yet been recovered and therefore are not part of the estate. The Debtor disagrees, and instead argues the automatic stay applies to the Registry Funds because there is a dispute as to their status as property of the estate, and that issue is best addressed in the Adversary Proceeding. This is especially true where the Court already denied the Dismissal Motion because it found the Debtor's claim for avoidance of the transfer of the Registry Funds was plausibly pled.

The Court agrees with Ngo that a comfort order is inappropriate at this stage of the proceedings. Indeed, comfort orders are appropriate only when there is no dispute that the automatic stay does not apply to certain property.[10] That is not the case here. Ngo asserts an interest in the Registry Funds, and Azar disputes that interest.[11] The Court already determined the facts alleged in the Adversary Proceeding are sufficient to

---

[7] *In re Hill*, 364 B.R. at 828.

[8] *In re Ross*, 2019 WL 480269, at *3.

[9] *Id.*

[10] See *Tufts v. Hays*, 977 F.3d 1204, 1207 at n. 1 (11th Cir. 2020) ("A bankruptcy court issues a comfort order to confirm that the automatic stay in bankruptcy doesn't apply to a specific piece of property."); see also *Turnkey Offshore Project Services, LLC v. JAB Energy Solutions, LLC*, 2022 WL 1699008, at *4 (E.D. La. May 2, 2022) ("Although § 362(a)(3) is silent on its application when the determination of the asset's status as property of the estate or not is to be made, the Fifth Circuit has held that the automatic stay also applies to property that arguably constitutes 'property of the estate,' which frequently entails complex analyses involving a number of legal elements and variety of facts.").

[11] Adv. Proc. No. 25-01311-MER, ECF No. 1, ¶64 ("Based on the CUFTA Order, the Registry Funds were property in which the Debtor had an interest"); ECF No. 17, ¶64 (denying the allegation that Ngo has an interest in the Registry Funds)

show Ngo has a plausible claim regarding her interest in the Registry Funds.[12] The extent of Ngo's interest in the Registry Funds is best determined in the Adversary Proceeding.[13] Furthermore, there is nothing in the CUFTA Order nor the Order Denying Claim that leads the Court to believe the State Court intended for the Registry Funds to be given directly to Azar after Ngo's parents' claim against them was denied. Given there is a genuine dispute regarding Ngo's interest in the Registry Funds and whether they are property of the estate, Azar is not entitled to a comfort order.

### C. Azar is Not Entitled to Relief From Stay

Alternatively, Azar argues that if the Court finds some colorable estate interest in the Registry Funds exists, he is nonetheless entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1). Azar does not appear to seek relief from the automatic stay to return to the State Court for clarification on the disposition of the Registry Funds. Rather, Azar seeks relief from stay so the State Court may oversee the disbursement of the Registry Funds to it. In other words, Azar seems to assert there is no dispute he is entitled to the Registry Funds, and that the State Court intended for the funds to be directly disbursed to him. Ngo disagrees, and argues Azar isn't simply requesting relief from the automatic stay, but instead is seeking a declaration the Registry Funds are not estate property.

"Relief from the automatic stay under 11 U.S.C. § 362(d)(1) may be granted upon a showing of cause.'"[14] The Bankruptcy Code does not define cause. As such, relief from stay for cause is a discretionary determination made on a case-by-case basis.[15] Here, the Court concludes Azar has not shown cause exists to grant him relief from the automatic stay to the extent he seeks relief from stay solely to collect the Registry Funds. As the Court already discussed, there is a dispute regarding Ngo's interest in the Registry Funds that is best addressed in the Adversary Proceeding, and there is nothing in any of the State Court's orders that suggests Azar is undeniably entitled to the funds. Therefore, it is inappropriate to grant Azar relief from the automatic stay to collect the Registry Funds.

---

[12] *Id.* at ECF No. 15, March 16, 2026, Order Denying Motion to Dismiss Adversary Proceeding.

[13] Fed. R. Bankr. P. 7001(b) ("The following are adversary proceedings . . . (b) a proceeding to determine the validity, priority, or extent of a lien or other interest in property—except a proceeding under Rule 3012 or Rule 4003(d)").

[14] *In re Murphy*, 563 B.R. 373, 379 (Bankr. D.N.M. 2016).

[15] *In re Carbaugh*, 278 B.R. 512, 525 (10th Cir. BAP 2002) (citing *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987)).

## CONCLUSION

Given the above, the Court

ORDERS that the Motion is DENIED.

Dated: October 14, 2026.

BY THE COURT

Michael E. Romero, Judge
United States Bankruptcy Court